1  CHRISTINA V. KAZHE (BAR NO. 192158)
   JOHN NYHAN (BAR NO. 51257)
2  ROSE WECKENMANN (BAR NO. 248207)
   **FREDERICKS & PEEBLES LLP**
3  1001 Second Street
   Sacramento, California 95814
4  Telephone:    (916) 441-2700
   Facsimile:    (916) 441-2067
5  Email:    jnyhan@ndnlaw.com

6  Attorneys for Plaintiffs,
   WILTON MIWOK RANCHERIA, a formerly
7  Federally-recognized Indian tribe and
   ITS MEMBERS; and DOROTHY ANDREWS

8



ORIGINAL FILED

MAY 21 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

9            **IN THE UNITED STATES DISTRICT COURT**

10           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  WILTON MIWOK RANCHERIA, a formerly      Case No. **C 07 02681 PVT**
    federally recognized Indian Tribe, ITS
12  MEMBERS and DOROTHY ANDREWS,            PLAINTIFFS' ADMINISTRATIVE
                                            MOTION TO CONSIDER WHETHER
13            Plaintiffs,                   CASES SHOULD BE RELATED

14        v.

15  DIRK KEMPTHORNE, Secretary of the
    Department of the Interior; CARL J. ARTMAN,
16  Assistant Secretary for Indian Affairs of the
    United States Department of Interior; the
17  UNITED STATES DEPARTMENT OF THE
    INTERIOR; MICHAEL O. LEAVITT, Secretary
18  of the United States Department of Health and
    Human Services; the UNITED STATES
19  DEPARTMENT OF HEALTH AND HUMAN
    SERVICES,
20
              Defendants.
21

22

23       In accordance with Civil L.R. 3-12, and 7-11, Plaintiffs Wilton Miwok Rancheria, et al., submit

24  this Administrative Motion To Consider Whether Cases Should Be Related.

25  I.   **This Action Is Related to Another Action, *Tillie Hardwick*, Pending in This Court.**

26       This action is related to an action which is pending in this District before the Honorable District

27  Judge Jeremy Fogel, entitled *Tillie Hardwick, et al. v. United States of America, et al.*, No. C 79-1710

28

1  JF (PVT) (Complaint filed July 10, 1979) ("*Hardwick v. United States*"), as defined in Civil L.R. 3-

2  12(a), in that:

3        (1)    Both actions concern substantially the same parties, property, transaction or
               event; and

4

5        (2)    It appears likely that there will be an unduly burdensome duplication of labor
               and expense or conflicting results if the cases are conducted before different

6               Judges.

7  **A.**   **Both Actions Involve Substantially the Same Parties.**

8        **1.**   **Plaintiffs.**

9       In the current action, Plaintiff Wilton Miwok Rancheria ("Tribe"), a formerly federally

10  recognized Indian Tribe, seeks to be restored as a federally recognized Indian tribe. The Tribe was

11  unlawfully terminated under the California Rancheria Act of 1958 (72 Stat. 619). 29 F.R. 13147

12  (Sept. 5, 1964). Following termination, the United States distributed tribal landholdings to the adult

13  members of the Tribe. *See* Declaration of John Nyhan, filed concurrently herewith ("Nyhan Dec.") at

14  ¶ 2 and Exhibit A attached thereto. In 1979, the tribal members of the Wilton Miwok Rancheria joined

15  with the members of other California tribal groups adversely affected by the California Rancheria Act

16  to commence a class action lawsuit known as *Hardwick, et al. v. United States* (C-79-1710-SW) (N.D.

17  Calif.) (hereinafter referred to as "*Hardwick*"). On February 28, 1980, the distributees of the Tribe

18  were certified as members of the plaintiff class in *Hardwick*. *See* Order Re: Class Certification (Feb.

19  28, 1980), (Nyhan Dec. at ¶¶ 3 - 4 and Exhibit B attached thereto).

20       The plaintiff class in *Hardwick* consisted of all persons who received assets of the named

21  rancherias pursuant to distribution plans prepared under the California Rancheria Act of 1958 or the

22  Amended Rancheria Act of 1964. In addition to the distributees, their heirs and legatees and all Indian

23  successors in interest to the real property distributed under the Rancheria Act were also parties to the

24  litigation. A stipulated judgment that, among other things, restored the status of certain members of the

25  plaintiff class as Indians under the laws of the United States was finally entered in 1983. *See* Order

26  Approving Entry of Final Judgment in Action (Dec. 27, 1983), *Hardwick* (Nyhan Dec. at ¶ 5 and

27  Exhibit C attached thereto). The judgment dismissed from the plaintiff class members of twelve

28  rancherias, including the Wilton Miwok Rancheria, on the erroneous premise that "[n]o class member

FREDERICKS &
PEEBLES, LLP
1001 SECOND ST.
SACRAMENTO, CA

1    from these rancherias currently owns property within the original rancheria boundaries." *See* Nyhan

2    Dec. ¶ 6 and Certificate of Counsel Re Hearing on Approval of Settlement of Class Actions (Nov. 16,

3    1983), page 9 (Nyhan Dec., Exhibit D). It was mistakenly believed that at termination, the tribal

4    members of these rancherias had either sold the rancheria property to non-Indians or distributed it to

5    rancheria members who subsequently sold it to non-Indians. *See* Stipulation for Entry of Judgment

6    (July 19, 1983), ¶ 14 (Nyhan Dec., Exhibit E). However, at the time these claims were dismissed,

7    several members of the Tribe, including Plaintiff Dorothy Andrews, owned property located within the

8    boundaries of the Wilton Rancheria continuously from the time Rancheria assets were distributed in

9    1964. *See* Declaration of Dorothy Andrews filed concurrently herewith, ¶¶ 14-18.

10                    **2.    Defendants.**

11            The Defendants in this action include the United States Department of the Interior, a named

12    party in *Hardwick*, and several of its current employees, and the United States Department of Health

13    and Human Services and its Secretary, to whom certain duties formerly entrusted to the Department of

14    the Interior were transferred.

15            **B.    Both Actions Involve Substantially the Same Property**.

16            Members of Plaintiff Tribe and Plaintiff Dorothy Andrews presently own lands that are the

17    subject of the current action, and were among the landowner- plaintiffs certified as members of the

18    Plaintiff Class in *Hardwick*. (Andrews Dec. ¶ 15). Members of Plaintiff Wilton Miwok Rancheria

19    continue to own 50% of the land which comprised its formerly federally recognized Indian reservation.

20    (Andrews Dec. ¶ 18). In the current action, the Tribe will establish that since the Distribution of its

21    land in 1961 and throughout the *Hardwick* litigation, its members continued to own and occupy land

22    within the boundaries of the Wilton Rancheria and that it is entitled to be restored as a federally

23    recognized Tribe, as 17 other tribes were recognized and restored in *Hardwick*. (*See* Stipulation for

24    Entry of Judgment, Exhibit E to Nyhan Dec. and Andrews Dec. at ¶¶ 15, 18 and Exhibit A thereto.)

25

26            **C.    Both Actions Involve Substantially the Same Transaction or Event.**

27            In the current action, Plaintiffs seek substantially the same relief sought through the Complaint

28    in *Hardwick*, declaratory and injunctive relief against the United States' Secretary of the Interior to

FREDERICKS &
PEEBLES, LLP
1001 SECOND ST.
SACRAMENTO, CA

1    restore Plaintiffs as a federally recognized Indian Tribe.

2    **D.    The Two Cases Should be Related to Avoid Unduly Burdensome Duplication Of**
3    **Labor And Expense.**

4    The Honorable Judge Jeremy Fogel has presided over recent litigation which he has determined

5    is related to the *Hardwick* case. In the first matter, captioned in the *Hardwick* case, the County of

6    Madera, one of the defendants in *Hardwick*, attempted to enforce terms of a Stipulated Judgment

7    entered in *Hardwick* in 1987 involving claims asserted by the Picayune Rancheria of the Chukchansi

8    Indians. (Nyhan Dec. ¶ 11). The Court is requested to take judicial notice of its order denying the

9    County of Madera's Motion For Enforcement of Judgment Order (entitled "Not for Citation") filed on

10    May 20, 2004, (Nyhan Dec., Exhibit F) and the statement in that order that "There is no question that

11    the Court has continuing jurisdiction to resolve disputes arising from the stipulated judgments. The

12    1983 Stipulated Judgment expressly retained jurisdiction for "a period of two years from entry of

13    judgment or for such longer time as may be shown to be necessary on a duly noticed motion by any

14    party." (Nyhan Dec. ¶ 11; Exhibit F at pp. 4-5)

15    In a separate action filed in 2006, the Picayune Rancheria of the Chukchansi Indians,

16    (hereinafter "PRCI") attempted to file a motion to enforce the *Hardwick* judgment. Judge Fogel denied

17    that motion and directed the plaintiff in that case to file a separate action for declaratory relief and

18    relate it to *Hardwick*. (Nyhan Dec. ¶12 and Exhibit G). In *The Picayune Rancheria of Chukchansi*

19    *Indians v. County of Madera, et al.* Case No.C-06-7613 RMV (PVT) (hereinafter the "PRCI action")

20    Judge Fogel determined that the PRCI action was related to the earlier-filed *Hardwick* case, No. C-79-

21    1710 (JF). The Court is requested to take judicial notice of another order (also titled "Not for

22    Citation") in which Judge Fogel ruled that the PRCI action be related to the earlier-filed *Hardwick* case

23    and re-assigned to Judge Fogel. (Nyhan Dec. ¶ 13; Exhibit H). The PRCI action was concluded by

24    Order Approving the Stipulation re: Settlement and Request for Continuing Jurisdiction for

25    Enforcement of Settlement Agreement, filed on March 2, 2007. (Nyhan Dec. ¶ 13; Exhibit H).

26    Since 2004, Judge Fogel has expended substantial time and effort familiarizing himself with the

27    facts involved in and the purposes of the *Hardwick* litigation and the judgments entered therein.

28

FREDERICKS &
PEEBLES, LLP
1001 SECOND ST.
SACRAMENTO, CA

1   The claims of Plaintiffs in this case center around the identical indicia of entitlement to be recognized

2   and restored as a federally recognized Indian tribe litigated by plaintiffs in *Hardwick*. The

3   determination of Plaintiffs' claims in the present action cannot be rendered without extensive

4   consideration of matters litigated in *Hardwick* spanning the past 28 years. Judge Fogel has become

5   knowledgeable about the voluminous record accumulated in the several years in which he has presided

6   over the Madera County action and the PRCI action. It would be unduly burdensome on the Court and

7   the parties to present the Plaintiffs' claims in this case to any District Court Judge other than Judge

8   Fogel, when Judge Fogel has already reviewed all of the jurisdictional factors involved in Plaintiffs'

9   present action and has intensively reviewed the Court's records in the *Hardwick* litigation.

10  II.   **CONCLUSION**

11         This Court should determine the instant case to be related to *Hardwick* because (i)  both actions

12  concern substantially the same parties, property and events and (ii) there will be an unduly burdensome

13  duplication of labor and expense or conflicting results if the cases are conducted before different

14  Judges.

15  Dated: May 2/, 2007                          Respectfully submitted,

16                                               **FREDERICKS & PEEBLES LLP**
                                                 CHRISTINA V. KAZHE
17                                               JOHN NYHAN
                                                 ROSE WECKENMANN
18

19

20  By:_____
                                                 JOHN NYHAN
21                                               Attorneys for Plaintiffs,
                                                 WILTON MIWOK RANCHERIA, a formerly
22                                               federally-recognized Indian Tribe,
                                                 and ITS MEMBERS; and DOROTHY
23                                               ANDREWS

24

25

26

27

28

FREDERICKS &
PEEBLES, LLP
1001 SECOND ST.
SACRAMENTO, CA

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED