CHRISTINA V. KAZHE (BAR NO. 192158)
JOHN NYHAN (BAR NO. 51257)
ROSE WECKENMANN (BAR NO. 248207)
**FREDERICKS & PEEBLES LLP**
1001 Second Street
Sacramento, California 95814
Telephone:   (916) 441-2700
Facsimile:    (916) 441-2067
Email:        jnyhan@ndnlaw.com

Attorneys for Plaintiffs,
WILTON MIWOK RANCHERIA,
ITS MEMBERS; and DOROTHY ANDREWS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILTON MIWOK RANCHERIA, a formerly federally recognized Indian Tribe, ITS MEMBERS and DOROTHY ANDREWS,<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, Secretary of the Department of the Interior; CARL J. ARTMAN, Assistant Secretary for Indian Affairs of the United States Department of Interior; the UNITED STATES DEPARTMENT OF THE INTERIOR; MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services; the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendants. | Case No. C-07-02681 (PVT)<br><br>**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR RE-ASSIGNMENT TO A UNITED STATES DISTRICT JUDGE** |

**REQUEST FOR RE-ASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the re-assignment of this case to a

///

///

///

1  United States District Judge and for consideration of Plaintiff's Administrative Motion to Consider
2  Whether Cases Should be Related, filed May 21, 2007, (copy attached as Exhibit A hereto).
3
4  Dated: May 22, 2007

Respectfully submitted,
**FREDERICKS & PEEBLES LLP**
CHRISTINA V. KAZHE
JOHN NYHAN
ROSE WECKENMANN

By: /s/ John Nyhan
JOHN NYHAN, Attorneys for Plaintiffs,
WILTON MIWOK RANCHERIA,
ITS MEMBERS and DOROTHY ANDREWS

EXHIBIT A

TO

DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE
AND
REQUEST FOR RE-ASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

```
CHRISTINA V. KAZHE (BAR NO. 192158)
JOHN NYHAN (BAR NO. 51257)
ROSE WECKENMANN (BAR NO. 248207)
FREDERICKS & PEEBLES LLP
1001 Second Street
Sacramento, California 95814
Telephone:   (916) 441-2700
Facsimile:   (916) 441-2067
Email:       jnyhan@ndnlaw.com

Attorneys for Plaintiffs,
WILTON MIWOK RANCHERIA, a formerly
Federally-recognized Indian tribe and
ITS MEMBERS; and DOROTHY ANDREWS
```




ORIGINAL FILED
MAY 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILTON MIWOK RANCHERIA, a formerly federally recognized Indian Tribe, ITS MEMBERS and DOROTHY ANDREWS,<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, Secretary of the Department of the Interior; CARL J. ARTMAN, Assistant Secretary for Indian Affairs of the United States Department of Interior; the UNITED STATES DEPARTMENT OF THE INTERIOR; MICHAEL O. LEAVITT, Secretary of the United States Department of Health and Human Services; the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendants. | Case No. C07 02681 PVT<br><br>PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |

In accordance with Civil L.R. 3-12, and 7-11, Plaintiffs Wilton Miwok Rancheria, et al., submit this Administrative Motion To Consider Whether Cases Should Be Related.

I. **This Action Is Related to Another Action, *Tillie Hardwick*, Pending in This Court.**

This action is related to an action which is pending in this District before the Honorable District Judge Jeremy Fogel, entitled *Tillie Hardwick, et al. v. United States of America, et al.*, No. C 79-1710

---

JF (PVT) (Complaint filed July 10, 1979) ("*Hardwick v. United States*"), as defined in Civil L.R. 3-12(a), in that:

    (1)    Both actions concern substantially the same parties, property, transaction or event; and

    (2)    It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

A.    **Both Actions Involve Substantially the Same Parties.**

    1.    **Plaintiffs.**

In the current action, Plaintiff Wilton Miwok Rancheria ("Tribe"), a formerly federally recognized Indian Tribe, seeks to be restored as a federally recognized Indian tribe. The Tribe was unlawfully terminated under the California Rancheria Act of 1958 (72 Stat. 619). 29 F.R. 13147 (Sept. 5, 1964). Following termination, the United States distributed tribal landholdings to the adult members of the Tribe. *See* Declaration of John Nyhan, filed concurrently herewith ("Nyhan Dec.") at ¶ 2 and Exhibit A attached thereto. In 1979, the tribal members of the Wilton Miwok Rancheria joined with the members of other California tribal groups adversely affected by the California Rancheria Act to commence a class action lawsuit known as *Hardwick, et al. v. United States* (C-79-1710-SW) (N.D. Calif.) (hereinafter referred to as "*Hardwick*"). On February 28, 1980, the distributees of the Tribe were certified as members of the plaintiff class in *Hardwick*. *See* Order Re: Class Certification (Feb. 28, 1980), (Nyhan Dec. at ¶¶ 3 - 4 and Exhibit B attached thereto).

The plaintiff class in *Hardwick* consisted of all persons who received assets of the named rancherias pursuant to distribution plans prepared under the California Rancheria Act of 1958 or the Amended Rancheria Act of 1964. In addition to the distributees, their heirs and legatees and all Indian successors in interest to the real property distributed under the Rancheria Act were also parties to the litigation. A stipulated judgment that, among other things, restored the status of certain members of the plaintiff class as Indians under the laws of the United States was finally entered in 1983. *See* Order Approving Entry of Final Judgment in Action (Dec. 27, 1983), *Hardwick* (Nyhan Dec. at ¶ 5 and Exhibit C attached thereto). The judgment dismissed from the plaintiff class members of twelve rancherias, including the Wilton Miwok Rancheria, on the erroneous premise that "[n]o class member

from these rancherias currently owns property within the original rancheria boundaries." *See* Nyhan Dec. ¶ 6 and Certificate of Counsel Re Hearing on Approval of Settlement of Class Actions (Nov. 16, 1983), page 9 (Nyhan Dec., Exhibit D). It was mistakenly believed that at termination, the tribal members of these rancherias had either sold the rancheria property to non-Indians or distributed it to rancheria members who subsequently sold it to non-Indians. *See* Stipulation for Entry of Judgment (July 19, 1983), ¶ 14 (Nyhan Dec., Exhibit E). However, at the time these claims were dismissed, several members of the Tribe, including Plaintiff Dorothy Andrews, owned property located within the boundaries of the Wilton Rancheria continuously from the time Rancheria assets were distributed in 1964. *See* Declaration of Dorothy Andrews filed concurrently herewith, ¶¶ 14-18.

### 2. Defendants.

The Defendants in this action include the United States Department of the Interior, a named party in *Hardwick*, and several of its current employees, and the United States Department of Health and Human Services and its Secretary, to whom certain duties formerly entrusted to the Department of the Interior were transferred.

### B. Both Actions Involve Substantially the Same Property.

Members of Plaintiff Tribe and Plaintiff Dorothy Andrews presently own lands that are the subject of the current action, and were among the landowner- plaintiffs certified as members of the Plaintiff Class in *Hardwick*. (Andrews Dec. ¶ 15). Members of Plaintiff Wilton Miwok Rancheria continue to own 50% of the land which comprised its formerly federally recognized Indian reservation. (Andrews Dec. ¶ 18). In the current action, the Tribe will establish that since the Distribution of its land in 1961 and throughout the *Hardwick* litigation, its members continued to own and occupy land within the boundaries of the Wilton Rancheria and that it is entitled to be restored as a federally recognized Tribe, as 17 other tribes were recognized and restored in *Hardwick*. (*See* Stipulation for Entry of Judgment, Exhibit E to Nyhan Dec. and Andrews Dec. at ¶¶ 15, 18 and Exhibit A thereto.)

### C. Both Actions Involve Substantially the Same Transaction or Event.

In the current action, Plaintiffs seek substantially the same relief sought through the Complaint in *Hardwick*, declaratory and injunctive relief against the United States' Secretary of the Interior to

3

restore Plaintiffs as a federally recognized Indian Tribe.

### D. The Two Cases Should be Related to Avoid Unduly Burdensome Duplication Of Labor And Expense.

The Honorable Judge Jeremy Fogel has presided over recent litigation which he has determined is related to the *Hardwick* case. In the first matter, captioned in the *Hardwick* case, the County of Madera, one of the defendants in *Hardwick*, attempted to enforce terms of a Stipulated Judgment entered in *Hardwick* in 1987 involving claims asserted by the Picayune Rancheria of the Chukchansi Indians. (Nyhan Dec. ¶ 11). The Court is requested to take judicial notice of its order denying the County of Madera's Motion For Enforcement of Judgment Order (entitled "Not for Citation") filed on May 20, 2004, (Nyhan Dec., Exhibit F) and the statement in that order that "There is no question that the Court has continuing jurisdiction to resolve disputes arising from the stipulated judgments. The 1983 Stipulated Judgment expressly retained jurisdiction for "a period of two years from entry of judgment or for such longer time as may be shown to be necessary on a duly noticed motion by any party." (Nyhan Dec. ¶ 11; Exhibit F at pp. 4-5)

In a separate action filed in 2006, the Picayune Rancheria of the Chukchansi Indians, (hereinafter "PRCI") attempted to file a motion to enforce the *Hardwick* judgment. Judge Fogel denied that motion and directed the plaintiff in that case to file a separate action for declaratory relief and relate it to *Hardwick*. (Nyhan Dec. ¶12 and Exhibit G). In *The Picayune Rancheria of Chukchansi Indians v. County of Madera, et al.* Case No.C-06-7613 RMV (PVT) (hereinafter the "PRCI action") Judge Fogel determined that the PRCI action was related to the earlier-filed *Hardwick* case, No. C-79-1710 (JF). The Court is requested to take judicial notice of another order (also titled "Not for Citation") in which Judge Fogel ruled that the PRCI action be related to the earlier-filed *Hardwick* case and re-assigned to Judge Fogel. (Nyhan Dec. ¶ 13; Exhibit H). The PRCI action was concluded by Order Approving the Stipulation re: Settlement and Request for Continuing Jurisdiction for Enforcement of Settlement Agreement, filed on March 2, 2007. (Nyhan Dec. ¶ 13; Exhibit H).

Since 2004, Judge Fogel has expended substantial time and effort familiarizing himself with the facts involved in and the purposes of the *Hardwick* litigation and the judgments entered therein.

1 | The claims of Plaintiffs in this case center around the identical indicia of entitlement to be recognized and restored as a federally recognized Indian tribe litigated by plaintiffs in *Hardwick*. The determination of Plaintiffs' claims in the present action cannot be rendered without extensive consideration of matters litigated in *Hardwick* spanning the past 28 years. Judge Fogel has become knowledgeable about the voluminous record accumulated in the several years in which he has presided over the Madera County action and the PRCI action. It would be unduly burdensome on the Court and the parties to present the Plaintiffs' claims in this case to any District Court Judge other than Judge Fogel, when Judge Fogel has already reviewed of all of the jurisdictional factors involved in Plaintiffs' present action and has intensively reviewed the Court's records in the *Hardwick* litigation.

## II. CONCLUSION

This Court should determine the instant case to be related to *Hardwick* because (i) both actions concern substantially the same parties, property and events and (ii) there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Dated: May 21, 2007

Respectfully submitted,

**FREDERICKS & PEEBLES LLP**
CHRISTINA V. KAZHE
JOHN NYHAN
ROSE WECKENMANN

By: /s/ John Nyhan
JOHN NYHAN
Attorneys for Plaintiffs,
WILTON MIWOK RANCHERIA, a formerly federally-recognized Indian Tribe,
and ITS MEMBERS; and DOROTHY ANDREWS