RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
SARA E. CULLEY
Trial Attorney
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 305-0466
Facsimile: (202) 305-0267
Sara.Culley@usdoj.gov
CHARLES O'CONNOR (CSBN 56320)
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Telephone:   (415) 436-7180
Charles.OConnor@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILTON MIWOK RANCHERIA, ET AL., ) | Case No. 07-02681 JF |
| ) | |
| Plaintiffs, ) | **DEFENDANTS' ANSWER** |
| vs. ) | |
| ) | |
| THE UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

     Federal Defendants Dirk Kempthorne, Secretary of the Department of the Interior; Carl J. Artman, Assistant-Secretary Indian Affairs; the United States Department of the Interior; Michael O. Levitt, Secretary of the United States Department of Health and Human Services; the United States Department of Health and Human Services, ("Defendants") by and through their undersigned counsel, hereby assert defenses to Plaintiffs Wilton Miwok Rancheria, its members, and Dorothy Andrews' ("Plaintiffs") Complaint dated May 21, 2007, and answer each numbered paragraph as follows.  Except as expressly admitted all allegations are denied.

DEFENDANTS' ANSWER - Case No. 07-02681 JF     1

**ANSWER TO NATURE OF ACTION**

1.  The allegations set forth in Paragraph 1 of Plaintiffs' Complaint constitute characterizations of Plaintiffs' action and claims for relief to which no response is required. To the extent that an answer is required, Defendants deny each and every allegation except that Defendants admit the Plan for Distribution of the Assets of the Wilton Rancheria was approved on August 18, 1958.

2.  The allegations set forth in the first, second, third, and sixth sentences of Paragraph 2 of Plaintiffs' Complaint constitute conclusions of law and characterizations of Plaintiffs' claims for relief to which no response is required. To the extent that an answer is required, Defendants deny each and every allegation. The fourth sentence of Paragraph 2 references the Certificate of Counsel filed in *Tillie Hardwick, et al. v. United States of America, et al.*, No. C-79-1710 (N.D. Cal.) ("*Hardwick*") which has independent legal significance and speaks for itself and is the best evidence of its contents. Defendant further denies the allegations set forth in the fourth sentence of Paragraph 2 to the extent that they are incomplete or inconsistent with the Certificate of Counsel. Defendant denies the allegations set forth in the fifth sentence of Paragraph 2 except Defendant admits that Plaintiff Dorothy Andrews was an original distributee of the Wilton Miwok Rancheria.

**ANSWER TO JURISDICTION**

3.  The allegations set forth in Paragraph 3 constitute characterizations of Plaintiffs' statements of jurisdiction and conclusions of law to which no response is required. To the extent that an answer is required, Defendant denies that this Court has jurisdiction over Plaintiffs' claims.

**ANSWER TO VENUE**

4.  The allegations set forth in Paragraph 4 constitute characterizations of Plaintiffs' statements of venue and conclusions of law to which no response is required.

**ANSWER TO PARTIES**

DEFENDANTS' ANSWER - Case No. 07-02681 JF    2

5.  Defendant denies the allegations set forth in Paragraph 5.

6.  Defendant admits the allegations set forth in the first sentence of Paragraph 6. Defendant denies the allegations set forth in the second sentence of Paragraph 6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 6, and therefore denies those allegations.

7.  Defendant admits the allegations set forth in Paragraph 7, however, Defendant notes that the correct title for the agency at issue is the Department of the Interior.

8.  Defendant admits the allegations set forth in Paragraph 8, however, Defendant notes that the correct title for the agency at issue is the Department of the Interior and the correct title for the agency official at issue is the Assistant Secretary-Indian Affairs.

9.  Defendant admits the allegations set forth in Paragraph 9.

10. Defendant admits the allegations set forth in Paragraph 10.

11. Defendant admits the allegations set forth in Paragraph 11.

12. Defendant admits the allegations set forth in Paragraph 12.

## ANSWER TO FACTUAL ALLEGATIONS

**A.  Answer to Historical Background of the Wilton Miwok Rancheria**

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 13, and therefore denies those allegations. Defendant admits the allegations set forth in the second sentence of Paragraph 13. Defendant denies the allegation set forth in the third sentence of Paragraph 13 that a tract of 38.81 acres located in Sacramento County was taken into trust on behalf of Plaintiffs; Defendant admits the remainder of the allegations contained in the third sentence. Defendant denies the allegation contained in the fourth sentence of Paragraph 13 that "members of the federally recognized Wilton Miwok Rancheria later voted to organize themselves under the provisions of the Indian Reorganization Act (48 Stat. 985) on June 15, 1935;" Defendant admits the remainder of the allegations contained in the fourth sentence. Defendant admits the allegations set forth in

DEFENDANTS' ANSWER - Case No. 07-02681 JF    3

the fifth sentence of Paragraph 13.

**B.    Answer to Federal Termination Policy and the Rancheria Act.**

14.    Defendant denies the allegations set forth in the first, third, fifth, and sixth sentences of Paragraph 14. Defendant admits the allegations set forth in the second sentence of Paragraph 14. The fourth sentence of Paragraph 14 references the House Concurrent Resolution 108 ("HCR 108"), H.R. Con. Res 108, 83d Cong., 1st Sess., 67 Stat. B132 (1953) which has independent legal significance and speaks for itself and is the best evidence of its contents. Defendant further denies the allegations set forth in the fourth sentence of Paragraph 14 to the extent that they are incomplete or inconsistent with HCR 108.

15.    Defendant admits the allegations set forth in the first sentence of Paragraph 15. The remainder of Paragraph 15 references and attempts to summarize portions of the California Rancheria Act ("Rancheria Act"), P.L. 85-671, 72 Stat. 619, amended by the Act of Aug. 1, 1964, P.L. 88-419, 78 Stat. 390 which has independent legal significance and speaks for itself and is the best evidence of its contents. Defendant further denies the allegations set forth in the remainder of Paragraph 15 to the extent that they are incomplete or inconsistent with the Rancheria Act.

16.    Paragraph 16 references and attempts to summarize a portion of the Rancheria Act which has independent legal significance and speaks for itself and is the best evidence of its contents. Defendant denies the allegations set forth in Paragraph 16 to the extent that they are incomplete or inconsistent with the Rancheria Act.

17.    Defendant denies the allegations set forth in Paragraph 17.

18.    Paragraph 18 references and attempts to summarize a portion of the Rancheria Act which has independent legal significance and speaks for itself and is the best evidence of its contents. Defendant denies the allegations set forth in Paragraph 18 to the extent that they are incomplete or inconsistent with the Rancheria Act.

19.    Defendant admits the allegations set forth in the first sentence of Paragraph 19. The

DEFENDANTS' ANSWER - Case No. 07-02681 JF    4

allegations set forth in the second sentence of Paragraph 19 constitute conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

20.  Paragraph 20 references and attempts to summarize a portion of the Rancheria Act which has independent legal significance and speaks for itself and is the best evidence of its contents. Defendant denies the allegations set forth in Paragraph 20 to the extent that they are incomplete or inconsistent with the Rancheria Act.

**C.  Answer to Purported Termination of Plaintiff Wilton Rancheria.**

21.  Defendant admits the allegations set forth in the first and second sentences of Paragraph 21.  The third sentence of Paragraph 21 references and attempts to summarize a portion of the document entitled "A Plan For the Distribution of the Assets of the Wilton Rancheria ("Distribution Plan") which has independent legal significance and speaks for itself and is the best evidence of its contents.  Defendant denies the allegations set forth in the third sentence of Paragraph 21 to the extent that they are incomplete or inconsistent with the Distribution Plan.

22.  Defendant denies the allegations set forth in Paragraph 22.

23.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 23, and therefore denies those allegations.  The second sentence of Paragraph 23 references a letter from the California Indian Agency, dated 1949, to the Acting Director of Irrigation, Office of Indian Affairs, which speaks for itself and is the best evidence of its contents.  Defendant denies the allegations set forth in the second sentence of Paragraph 23 to the extent that they are incomplete or inconsistent with the letter at issue.

24.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24, and therefore denies those allegations.

25.  Defendant denies the allegations contained in Paragraph 25.

26.  Defendant denies the allegations set forth in Paragraph 26.

DEFENDANTS' ANSWER - Case No. 07-02681 JF    5

27. Defendant admits the allegations set forth in Paragraph 27.

28. Defendant admits the allegations set forth in Paragraph 28, however, Defendant notes that the names and addresses of the individuals included in the Federal Register Proclamation followed the second paragraph of the block quote contained in Paragraph 28 .

29. The allegations set forth in Paragraph 29 constitute conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

30. Defendant admits the allegations set forth in Paragraph 30 except that Defendant contends that only the head of each household of the Wilton Miwok Rancheria were distributees. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity concerning whether or not Plaintiffs' Exhibit A referenced in Paragraph 30 constitutes an accurate list of distributees, and therefore denies those allegations.

31. Defendant denies the allegations contained in the first sentence of Paragraph 31. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the remainder of Paragraph 31, and therefore denies those allegations.

**D.    Answer to the *Tillie Hardwick* Litigation.**

32. Paragraph 32 references and attempts to summarize the *Hardwick* litigation; Defendant denies that the allegations contained in Paragraph 32 provide an accurate and complete description of *Hardwick*. Defendant further contends that the Complaint filed in the *Hardwick* litigation speaks for itself and is the best evidence of the claims at issue in that matter.

33. Defendant admits the allegations set forth in Paragraph 33.

34. The first sentence of Paragraph 34 contains a mixed statement of factual and legal conclusions. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations set forth in the first sentence of Paragraph 34, and therefore denies those allegations. The allegations set forth in the remainder of the first sentence

1  of Paragraph 34 constitute conclusions of law to which no response is required; to the extent that
2  an answer is required, Defendant denies each and every allegation.  The second sentence of
3  Paragraph 34 references and attempts to summarize the *Hardwick* litigation, Defendant denies
4  that the allegations contained in the second sentence of Paragraph 34 provide an accurate and
5  complete description of *Hardwick*.  Defendant further contends that the Complaint filed in the
6  *Hardwick* litigation speaks for itself and is the best evidence of the claims at issue in that matter.
7  35.    Paragraph 35 references and attempts to summarize the *Hardwick* litigation; Defendant
8  denies that the allegations contained in Paragraph 35 provide an accurate and complete
9  description of *Hardwick*.  Defendant further contends that the Complaint filed in the *Hardwick*
10 litigation speaks for itself and is the best evidence of the claims for relief in that matter.
11 36.    Defendant is without knowledge or information sufficient to form a belief as to the truth
12 or falsity of the allegations set forth in Paragraph 36, and therefore denies those allegations.
13 37.    The allegations set forth in Paragraph 37 constitute conclusions of law to which no
14 response is required; to the extent that an answer is required, Defendant denies each and every
15 allegation.
16 38.    Defendant denies the allegations contained in Paragraph 38 except that Defendant admits
17 that other litigation concerning the implementation of the Rancheria Act occurred and that the
18 cases cited in Paragraph 38 involve questions regarding the implementation of the Rancheria
19 Act.
20 39.    Defendant denies the allegations contained in the first sentence of Paragraph 39 except
21 that Defendant admits that on July 15, 1983, a Stipulation for Entry of Judgment in the *Hardwick*
22 litigation was signed by an Assistant United States Attorney and that on July 19, 1983, counsel
23 for the remaining plaintiffs signed the same stipulation.  The second sentence of Paragraph 39
24 references the Stipulation for Entry of Judgment, which has independent legal significance and
25 speaks for itself and is the best evidence of its contents.  Defendant denies the allegations set
26 forth in the second sentence of Paragraph 39 to the extent that they are incomplete or
27
28 DEFENDANTS' ANSWER - Case No. 07-02681 JF    7

inconsistent with the Stipulation for Entry of Judgment. Defendant further contends that the Stipulation was submitted to the court on August 2, 1983. The allegations set forth in the third sentence of Paragraph 39 constitute conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

40. Defendant admits the allegations set forth in the first sentence of Paragraph 40. The allegations set forth in the second sentence of Paragraph 40 constitute conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

**E.    Answer to Wilton Rancheria Was Erroneously Omitted From the *Tillie Hardwick* Restoration Judgment.**

41. Paragraph 41 references and attempts to summarize portions of the Certificate of Counsel Re Hearing on Approval of Settlement of Class Actions (Nov. 16, 1983) and the Stipulation for Entry of Judgment (July 19, 1983) which have independent legal significance and speak for themselves and are the best evidence of their contents. Defendant further denies the allegations set forth in Paragraph 41 to the extent that they are incomplete or inconsistent with the documents at issue.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42, and therefore denies those allegations.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and third sentence of Paragraph 43, and therefore denies those allegations. The allegations set forth in the second sentence of Paragraph 43 constitute conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

**F.    Answer to Wilton Rancheria Has Been Working for Many Years To Restore Its Federal Recognition.**

44. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44, and therefore denies those allegations

DEFENDANTS' ANSWER - Case No. 07-02681 JF      8

except that Defendant contends that the Letters from United States Department of the Interior, Bureau of Indian Affairs, dated August 24, 2004, September 17, 2004, June 14, 2006, and September 12, 2006, speak for themselves and are the best evidence of their contents.

45. The allegations set forth in the first sentence of Paragraph 45 constitute conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the remainder of Paragraph 45, and therefore denies those allegations.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 46, and therefore denies those allegations. Defendant admits the second and third sentence of Paragraph 46. The fourth sentence of Paragraph 46 references and attempts to summarize a portion of the Advisory Council on California Indian Policy ("ACCIP") Final Report and Recommendations to the Congress of the United States, which speaks for itself and is the best evidence of its contents. Defendant further denies the allegations set forth in the fourth sentence of Paragraph 46 to the extent that they are incomplete or inconsistent with the Report.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47, and therefore denies those allegations except that Defendant contends that the referenced letters from Superintendent Dale Risling, Sr., speak for themselves and are the best evidence of their contents.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48, and therefore denies those allegations.

49. Defendant denies the allegations set forth in Paragraph 49.

### ANSWER TO FIRST CLAIM FOR RELIEF

50. Defendant incorporates and reasserts its responses to the preceding Paragraphs as if fully set forth herein.

1  51.  The allegations set forth in Paragraph 51 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

4  52.  Defendant denies the allegations contained in Paragraph 52.

5  53.  The allegations set forth in Paragraph 51 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

8  54.  Defendant denies the allegations contained in Paragraph 54.

### ANSWER TO SECOND CLAIM FOR RELIEF

55.  Defendant incorporates and reasserts its responses to the preceding Paragraphs as if fully set forth herein.

56.  The allegations set forth in Paragraph 56 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

57.  The allegations set forth in Paragraph 57 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

58.  Defendant denies the allegations contained in Paragraph 58.

### ANSWER TO THIRD CLAIM FOR RELIEF

59.  Defendant incorporates and reasserts its responses to the preceding Paragraphs as if fully set forth herein.

60.  The allegations set forth in Paragraph 60 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent that an answer is required, Defendant denies each and every allegation.

61.  The allegations set forth in the first sentence of Paragraph 61 constitute characterizations of Plaintiffs' case and conclusions of law to which no response is required; to the extent that an

1 answer is required, Defendant denies each and every allegation.  Defendant denies the
2 allegations contained in the second sentence of Paragraph 61.

### ANSWER TO PRAYER FOR RELIEF

The remainder of the Complaint, including the WHEREFORE clause and the four numbered paragraphs including sub-parts that follow it, contain Plaintiffs' requests for relief to which no responsive pleading is required.  To the extent that any response to those portions of the Complaint is deemed to be required, Defendant denies all of the allegations set forth therein and denies that the Plaintiffs are entitled to any of the relief requested, or to any other forms of relief.

### DEFENDANT'S AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiffs' claims are barred by the statute of limitations.

#### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

#### Third Affirmative Defense

Plaintiffs lack standing to bring any claims against Defendant.

#### Fourth Affirmative Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

#### Fifth Affirmative Defense

There may be parties who have not been joined who are indispensable to the adjudication of the claims in this action.

Dated: September 7, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

 /s/ Sara E. Culley
SARA E. CULLEY (K.S. Bar No. 20898)
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0466
Facsimile: (202) 305-0267

Charles O'Connor (CSBN 56320)
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
Tel:   (415) 436-7180
Charles.OConnor@usdoj.gov

Attorneys for Defendants

OF COUNSEL:

Scott Keep
Assistant Solicitor
Division of Indian Affairs
U.S. Department of the Interior
1849 C Street, N.W.
MS 6456
Washington, D.C. 20240
Tel: (202) 208-6526
Facsimile: (202) 219-1791

Melissa A. Jamison
Attorney
DHHS/OGC/PHD/IHS
5600 Fishers Lane
Room 4A-53
Rockville, MD 20857
Tel: (301) 443-0407
Facsimile: (301) 480-2161

DEFENDANTS' ANSWER - Case No. 07-02681 JF   12