CHRISTINA V. KAZHE (BAR NO. 192158)
JOHN NYHAN (BAR NO. 51257)
ROSE WECKENMANN (BAR NO. 248207)
**FREDERICKS PEEBLES & MORGAN LLP**
1001 Second Street
Sacramento, California 95814
Telephone:    (916) 441-2700
Facsimile:    (916) 441-2067
Email:        jnyhan@ndnlaw.com

Attorneys for Plaintiffs,
WILTON MIWOK RANCHERIA,
ITS MEMBERS; and DOROTHY ANDREWS

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
Northern District of California
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (CSBN 56320)
Assistant United States Attorney
SARA E. CULLEY
Trial Attorney, Natural Resources Section
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-7180
Facsimile:    (415) 436-6748
Email:        charles.oconnor@usdoj.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| WILTON MIWOK RANCHERIA, a formerly federally recognized Indian Tribe, ITS MEMBERS and DOROTHY ANDREWS,<br><br>        Plaintiffs,<br><br>        v.<br><br>DIRK KEMPTHORNE, Secretary of the Department of the Interior; et al,<br><br>        Defendants. | Case No.  C-07-02681 (JF) (PVT)<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date:    October 19, 2007<br>Time:   10:30 a.m.<br>Courtroom:  3 |

1. <u>Jurisdiction and Service</u>.

   a. <u>Jurisdiction</u>.

   **<u>Plaintiffs' Position.</u>**

   This Court has jurisdiction (a) under 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States; (b) under 28 U.S.C. § 1361 in that Plaintiffs seek to compel officers and employees of the United States and its agencies to perform duties owed to Plaintiffs; and (c) under 28 U.S.C. § 1362 in that this is an action brought by an Indian Tribe or band based on claims arising under the Constitution and laws of the United States including U.S. Const. Art. II, § 8, cl. 3 (Indian Commerce Clause), the Rancheria Act, and federal common law.

   **<u>Defendants' Position.</u>**

   Defendants dispute the alleged bases of jurisdiction offered by Plaintiffs. Substantial defects in jurisdiction of this Court over Plaintiffs' claims exist, including but not limited to lack of standing and statute of limitations.

   b. <u>Service</u>.

   The Office of the United States Attorney, Northern District of California was served with the Summons and Complaint on May 24, 2007. Defendants served and filed their Answer on September 7, 2007.

   c. <u>Additional Parties</u>.

   **<u>Plaintiffs' Position.</u>**

   On May 29, 2007, Plaintiffs in this case filed their motion to intervene in *Me-Wuk Indian Community v. Kempthorne* pending in the U.S. District Court for the District of Columbia, Case No. 1:07-CV-00412 (RCL) (hereinafter the "DC case") and lodged a proposed complaint-in-intervention substantially similar to the Complaint filed in this case together with a motion to transfer venue of the DC case. On July 24, 2007, counsel for the United States filed a notice with the DC Court advising that Defendant in the DC case consents to the proposed

intervention. Defendant had moved to transfer venue of the DC case from the District of Columbia to the Eastern District of California. Defendants' notice filed on July 24, 2007, further advised the DC Court that Defendant believes that the transfer of the DC case to the Northern District of California is appropriate.

The action filed by plaintiff Me-Wuk Indian Community of the Wilton Rancheria in the District of Columbia, was never authorized by the Tribal Council of the Wilton Miwok Rancheria, the only entity recognized by the United States in the negotiations for federal recognition.

**Defendants' Position.**

All of the plaintiffs named in the case entitled *Me-Wuk Indian Community* v. *Kempthorne,* Civil No. 1:07-CV-412 (RCL), U.S. District Court for the District of Columbia, who claim an interest in the same real property and Indian rights asserted by Plaintiffs in the above-captioned case, constitute potential additional parties with claims related to the same matters which are the subject matter of this case.

2.   Facts.

   a.   Chronology.

**Plaintiffs' Position.**

This action is brought by the Wilton Miwok Rancheria ("Tribe"), a formerly federally-recognized Indian Tribe and by individual members of the Wilton Miwok Rancheria against various federal officials for the unlawful termination of the Wilton Miwok Rancheria under the California Rancheria Act of 1958 ("Rancheria Act"), Pub. L. No. 85-671, 72 Stat. 619, *amended by* Pub. L. No. 88-419, 78 Stat. 390. Plaintiffs seek to remedy the failure of the Secretary of the United States Department of the Interior ("Secretary") to fulfill statutory obligations owed to the Indian people of the Wilton Miwok Rancheria prior to the distribution in 1961 of the assets of the Wilton Miwok Rancheria, including the failure of the United States Department of the Interior's Bureau of Indian Affairs ("BIA") to install water facilities and sanitation systems that met Sacramento County requirements; knowing violations of Sacramento County standards for

road construction of sub-division plats; and failure to provide any agricultural development, training or irrigation facilities to the Tribe, as required by the Rancheria Act.  Plaintiffs also seek to remedy the Secretary's breach of the fiduciary obligations owed by the United States to the people of the Wilton Miwok Rancheria in the formulation and implementation of the Plan for Distribution of the Assets of the Wilton Rancheria, approved August 18, 1958, in that the BIA failed to disclose facts that, if known to Plaintiffs, would have affected their decision to approve the Distribution Plan; the BIA used undue influence in obtaining Plaintiffs' consent to termination; and the BIA acted unlawfully in failing to meet Sacramento County standards for water, roads and housing.  Plaintiffs also seek to remedy the failure of the Secretary of Health, Education and Welfare (now known as the Secretary of Health and Human Services) to fulfill statutory obligations owed to the Tribe and those Indian members and distributees affected by the Rancheria Act prior to the distribution of the assets of the Wilton Miwok Rancheria, including the Secretary of Health, Education and Welfare's failure to construct, install, or otherwise provide a sanitation system for the Wilton Miwok Rancheria.

Plaintiffs were members of the class of plaintiffs certified in the matter captioned *Tillie Hardwick, et al. v. United States of America, et al.*, No. C-79-1710 (N.D. Cal.) ("*Hardwick*"), in which this Court sought to remedy the unlawful termination and distribution of the lands located within several Rancherias located in the State of California, pursuant to the Rancheria Act.  Class members, including members of Plaintiff Tribe had been included as members of the class certified by the Court (Order re Class Certification filed February 28, 1980), but were dismissed from the *Hardwick* case pursuant to the Order Approving Entry of Final Judgment entered on December 27, 1983 in accordance with the Stipulation of the Parties for Entry of Judgment.  That Stipulation provided for the recognition of seventeen (17) tribes and the dismissal without prejudice of the members of twelve (12) other tribes, including members of plaintiff Wilton Miwok Rancheria, from the *Hardwick* case.  The Certificate of Counsel (for plaintiff class members) Re: Hearing on Approval of Settlement of Class Actions, filed on November 17, 1983 states:

>Class members from twelve (12) of the remaining seventeen rancherias represented in this action would be dismissed from this action without prejudice to their right to re-file another action or other actions on their behalf. No class member from these rancherias currently owns real property within the original rancheria boundaries. The property was either sold to non-Indians when the rancheria was terminated and the proceeds of these sales distributed to rancheria members in lieu of deeds to individual parcels of property or all of the property originally distributed was subsequently sold to non-Indians.
>
>In either case the federal defendants are unwilling to re-assume responsibility for any of these rancherias without a final judicial determination of their obligation to do so. Plaintiffs attorneys do not concede that the sale of rancheria property precludes distributees from obtaining judicial relief for wrongful termination (in some cases these class members may have the most significant damages claims). However, plaintiffs believe that these rancherias do present unique considerations and that it does not make sense to delay relief for those rancherias upon which class members still reside, while the parties litigate these other issues. Accordingly, plaintiffs attorneys believe that it serves the interests of the entire class to sever these claims from those of the seventeen rancherias and to dismiss those claims from this action without prejudice.
>
>Fn. 1  Alexander Valley would have been the thirteenth rancheria in this category but by oversight was omitted from the stipulation for entry of judgment and notice of settlement to the class. The parties propose to file a supplemental stipulation after the Court approves the current one and to obtain approval after notice to class members from Alexander Valley.

Contrary to the above statement, as is more particularly alleged hereafter, at the time the Stipulation was entered in 1983, several members of the Wilton Miwok Rancheria, including Plaintiff Dorothy Andrews, owned property within the boundaries of the Rancheria which had been distributed to tribal members in conjunction with the Tribe's unlawful termination in 1964. As a remedy for the Tribe's unlawful termination, Plaintiffs seek to be restored as a federally-recognized Indian tribe.

**Defendants' Position.**

The Federal relationship with and supervision of the Wilton Miwok Rancheria ("Tribe"), a formerly federally- recognized Indian Tribe, was terminated pursuant to California Rancheria Act of 1958 ("Rancheria Act"), Pub. L. No. 85-671, 72 Stat. 619, *amended by* Pub. L. No. 88-419, 78 Stat. 390, and the assets of the Rancheria distributed to individual Indians residing on the Rancheria or who were otherwise able to establish their right to participate in the distribution. A plan for the distribution of the assets was developed and approved by the Indians. In the spring of 1961, the Department of the Interior issued a letter indicating that the requirements of the Rancheria Act had been satisfied and revoked the Department of the Interior's approval of the Rancheria's Constitution and Bylaws. Notice that the Rancheria had been terminated was published in the Federal Register on September 22, 1964 (29 Fed. Reg. 13, 146).

During the late 1970s and early 1980s, a number of suits were filed in California on behalf of the individual distributees, their dependents and minors challenging the sufficiency of the Department of the Interior's actions implementing the Rancheria Act. In one of those cases, *Tillie Hardwick v. United States*, No. C-79-1710 (N.D. Cal.) ("*Hardwick*"), the distributees of the Wilton Rancheria were initially included in the class certification but were later dismissed without prejudice in 1983.

The Indian status of the minors and dependent members of the Wilton distributees was restored as a result of other litigation, *Knight v. Kleppe,* No. C-74-0005 and *Duncan v. Kleppe*, No. C-73-0034 (N.D. Calif.). 43 Fed. Reg. 42789, 42817 (Sept. 21, 1978). The distributees of the Wilton Rancheria were aware of their right to challenge the sufficiency of the Department of the Interior's actions implementing the Rancheria Act at least by 1983 and have failed to make a timely challenge to the sufficiency of those actions.

  b. Principal Factual Issues in Dispute.

**Defendants' Position.**

Defendants dispute that this action is brought by the Wilton Miwok Rancheria. The Wilton Miwok Rancheria was created and defined by the constitution and bylaws adopted by the

residents of the Rancheria pursuant to Section 16 of the Indian Reorganization Act of 1934 (25 U.S.C. § 476). Because the aforementioned constitution and bylaws were revoked pursuant to the distribution plan, it is not clear which individuals constitute the Wilton Miwok Rancheria nor is it clear who has authority to represent the distributees and their descendants. As detailed below, there is another suit in the District of Columbia in which a group claims to represent the distributees and makes a similar allegation that the Department of the Interior failed to adequately implement the Rancheria Act.

In addition, Defendants dispute that they failed to comply with the requirements of the Rancheria Act. Defendants also dispute the allegations that they failed to adequately disclose any essential facts relevant to the Distribution Plan or that they used undue influence in obtaining the consent of the residents of the Rancheria regarding termination.

3. Legal Issues.

    a. **Plaintiffs' Position.**

The principal legal issue is whether the Wilton Miwok Rancheria was unlawfully terminated in light of the Defendants' failure to satisfy specific obligations to the Tribe under the California Rancheria Act, P.L. 85-671, 72 Stat. 619, and the California Rancheria Act, as amended, P.L. 88-419, 78 Stat. 390, and whether the Wilton Miwok Rancheria is thus entitled to restoration in light of this unlawful termination. Plaintiffs assert that the Wilton Miwok Rancheria was unlawfully terminated and is thus entitled to restoration.

    b. **Defendants' Position.**

Additional legal issues also exist regarding Plaintiffs' lack of standing to bring the complaint, as well as the prohibition of the action pursuant to the statute of limitations. More legal issues are likely to arise as Defendants' review continues.

4. Motions.

    a. **Plaintiffs' Position.**

Plaintiffs intend to request that Defendants sign an Agreed Statement of Facts and thereafter, Plaintiffs intend to file a motion for summary judgment.

Joint Case Management Statement                                   C-07-02681 (JF (PVT)

      b.      **<u>Defendants' Position</u>.**

As indicated above, Defendants likely will move for dismissal because 1) Plaintiffs' lack standing to bring this action and 2) all of Plaintiffs' claims are barred by the statute of limitations. However, these motions should await the determination of the status of the other potential parties to this action, *i.e.*, those individuals who are plaintiffs in *Me-Wuk Indian Community of the Wilton Rancheria*, as a matter of judicial economy.

A decision regarding the motions now pending before the court in *Me-Wuk Indian Community of the Wilton Rancheria* is likely to result in the joinder of all plaintiffs and their actions before a single District Court, either in the District of Columbia or the Northern District of California. Joinder in either Court would facilitate a more rational and orderly resolution of the issues presented for all concerned parties in both cases. Moreover, in fairness to Defendants, the actions should be joined in order that Defendants not be forced to defend against essentially the same allegations in two cases, brought by two competing sets of parties who purport to claim the same rights on behalf of the same tribal entity and its members. In addition, joinder would avoid any indispensable party issues.

5.      <u>Amendment of the Pleadings</u>.

      None contemplated by Plaintiffs or Defendants.

6.      <u>Evidence Preservation</u>.

      a.      **<u>Plaintiffs' Position</u>.**

Plaintiffs do not have any document destruction program and are preserving correspondence, e-mails, voicemails and other electronically recorded material.

      b.      **<u>Defendants' Position</u>.**

Defendants believe that all relevant documents available at the time this litigation was initiated have been and will continue to be preserved in accordance with existing regulations and guidelines relating to the preservation of Indian records.

7. <u>Disclosures</u>.

Defendants believe that initial disclosures are not required in this case pursuant to Fed. R. Civ. P. 26(a)(1) (E). The applicable waiver of sovereign immunity here and Plaintiffs' right to judicial review of Defendants' actions challenged in this case both derive from the Administrative Procedures Act ("APA') which, absent extraordinary circumstances, confines judicial review to the administrative record certified by the agency, and does not contemplate a different record compiled *de novo* in the federal district court.

8. <u>Discovery</u>.

    a. Discovery taken to date.

        None.

    b. Scope of Anticipated Discovery.

Plaintiffs anticipate using all available methods of discovery provided by the Federal Rules of Civil Procedure, including requesting Defendants to admit judicial findings contained in *Smith v. U.S.*, 515 F.Supp. 56 (N.D. Cal. 1978), and *Table Bluff Band of Indians v. Andrews*, 532 F.Supp. 255 (N.D. Cal. 1981) and facts set forth in the Stipulation filed in *Hardwick, et al. v. United States of America, et al.*, No. C-79-1710 (N.D. Cal.). Plaintiffs anticipate taking depositions of Defendants' former employees regarding relevant events.

Defendants believe that discovery is inappropriate in this case. The APA provides the sole waiver of sovereign immunity allowing Plaintiffs to bring this suit. As such, judicial review under the APA is limited to the administrative record already in existence, *i.e.*, not a factual record created *de novo* in the federal district court. Moreover, in APA cases, it is inappropriate to probe the thought processes and mental impressions of federal decisionmaking officials. Judicial review is limited to the administrative record, which speaks for itself. Defendants, however, reserve the right to seek discovery for class-action and standing purposes.

    c. Proposed Limitations or Modifications of the Discovery Rules.

    d. Proposed Discovery Plan Pursuant to FRCP 26f.

        The parties' positions on discovery are set forth above.

9. <u>Class Actions</u>.

    a. **<u>Plaintiffs' Position</u>.**

Plaintiff members of the Wilton Miwok Rancheria are members of the Class certified by this Court in *Tillie Hardwick, et al. v. United States of America, et al.*, No. C-79-1710 (N.D. Cal.) ("*Hardwick*").

    b. **<u>Defendants' Position</u>.**

Defendants believe that further review is needed to determine if Plaintiff members of the Wilton Miwok Rancheria are members of the Class certified by this Court in *Hardwick*.

10. <u>Related Cases</u>.

    a. **<u>Plaintiffs' Position</u>.**

On May 29, 2006, this Court entered an Order relating this case to *Tillie Hardwick v. United States, et al.,* a class action pending before this court since 1979. *(See* Document No. 9)

Plaintiffs in this action have sought to intervene in a related case, *Me-Wuk Indian Community of the Wilton Rancheria v, Kempthorne*, Case No. 1:07-CV-00412 (RCL), (D.D.C.), pending before the United States District Court for the District of Columbia. The motion to intervene has been fully briefed and under submission since June 25, 2007. Defendant in *Me-Wuk Indian Community of the Wilton Rancheria* initially moved to transfer venue of the DC case to the Eastern District of California and that motion has been fully briefed. Plaintiffs in this action have also lodged with the District of Columbia court a motion to transfer *Me-Wuk Indian Community of the Wilton Rancheria* to this Court. If transfer of the case filed in the District of Columbia to this Court is ordered as plaintiffs in this case and Defendants in both cases have requested, Plaintiffs in this case will move to have the transferred case related to this case and *Hardwick* pursuant to Civil L.R. 3-12 and 7-11 and to consolidate the transferred case with this case pursuant to FRCP 42.

Defendant in the D.C. action has filed notice of his consent to Plaintiffs' Motion to Intervene and Transfer to the Northern District of California. If the Motion to Intervene is granted, a briefing schedule on the Motion to Transfer Venue to this Court may be set. On

September 25, 2007, Plaintiffs in this action filed a Request to Schedule Status Conference in *Me-Wuk Indian Community of the Wilton Rancheria*. Plaintiffs advised the court that the parties in this action must submit a Joint Case Management Statement pursuant to FRCP 26(a)(1) and Civil Local Rule 16-9. Thus, Plaintiffs requested that the court schedule a status conference to address the intervention and venue issues. Plaintiffs will advise the court at the Case Management Conference set for October 19, 2007 of any developments in the case pending in the District of Columbia.

      b.     **Defendants' Position.**

As noted above, Defendants believe that disposition of the Motion to Transfer Venue in *Me-Wuk Indian Community of the Wilton Rancheria* will shape case management issues in this action. If *Me-Wuk Indian Community of the Wilton Rancheria* is transferred to the Northern District of California, Defendants believe that it will likely be consolidated with this matter. Alternatively, *Me-Wuk Indian Community of the Wilton Rancheria* may proceed with all plaintiffs in a single action before the District Court of the District of Columbia. Both the above-captioned action and the related case in the District of Columbia involve Indian groups who base their claims on the reservation land of the Wilton Rancheria. In essence, these two Indian groups claim to have the same heritage and have staked their claims on the same land. Both groups claim that the land at issue was taken into trust by Defendants on behalf of its ancestors. Likewise, both groups seek restoration as a federally recognized Indian Tribe. Indeed, these claims are undoubtedly intertwined. The presence of these competing interests regarding the Wilton Rancheria prevents Defendants from effectively moving forward in this action, at this time. Accordingly, Defendants intend to request that Plaintiffs stipulate that proceedings in this matter should be postponed until after the disposition of the Motion to Transfer Venue in *Me-Wuk Indian Community of the Wilton Rancheria.* Alternatively, Defendants intend to file a motion requesting such relief from the Court.

11.    <u>Relief</u>.

Plaintiffs request the following:

(1)    That this Court declares that:

    (i)    Wilton Miwok Rancheria was unlawfully terminated, and its assets distributed, in violation of Section 2(b) and 3(c) of the Rancheria Act and the government's trust policy;

    (ii)    The deeds conveyed to the individual Indian distributees are voidable, and the Secretary of the Interior is under a duty to take former Rancheria lands back into federal trust status at the option of each distributee, or their legal heirs or Indian successors in interest;

    (iii)    Termination Proclamations for the Rancheria were unlawfully published, and the Secretary of the Interior is under an obligation to rescind the same;

    (iv)    The Wilton Miwok Rancheria is not a terminated Tribe within the meaning of Section 10(b) of the Rancheria Act, and the Defendants are under an obligation to treat them as a federally-recognized Tribe;

    (v)    The Constitution and Bylaws of the Wilton Miwok Rancheria, adopted December 7, 1935, are restored;

    (vi)    The Secretary of the Interior is under a duty to afford to the Wilton Miwok Rancheria all rights, privileges and immunities ordinarily accorded to a federally-recognized Indian Tribe;

    (vii)    The lands comprising Wilton Miwok Rancheria were and still are "Indian Country" and that such lands now or in the future to be acquired by the Tribe are immune from local property taxation, assessment or other civil regulatory jurisdiction and shall be restored to the same status as before termination;

    (viii)    The lands comprising the Wilton Miwok Rancheria are not subject to the jurisdiction of Sacramento County, and further that the lands would not be subject to county regulation and taxation until such time as the lands were lawfully conveyed to individual

distributees and removed from trust in full compliance with all of the provisions of the Rancheria Act;

   (ix) The Secretary of the Interior is under a duty to acquire and take land into trust for the benefit of the Wilton Miwok Rancheria pursuant to the Indian Reorganization Act, 25 U.S.C. § 465; and

   (x) The Secretary of the Interior is under a duty to take into trust a land base for the benefit of the Tribe, with such land to be considered "Indian country" as defined in 18 U.S.C. § 1151.

  (2) That this Court issue preliminary and permanent injunctive relief compelling the Defendants to afford the Wilton Miwok Rancheria all rights, privileges and immunities ordinarily accorded to a federally-recognized Indian Tribe.

  (3) That this Court order Defendants to pay Plaintiffs their costs of suit and reasonable attorneys' fees.

  (4) That this Court order such further relief as it shall deem appropriate.

  Defendants request that Plaintiffs' Complaint be dismissed with prejudice.

12. <u>Settlement and ADR</u>.

  a. **<u>Plaintiffs' Position</u>.**

  Plaintiffs request that the matter be referred to a Magistrate Judge for a mediation/settlement conference as soon as possible.

  b. **<u>Defendants' Position</u>.**

  Defendants are willing to explore the possibility of settlement, and if appropriate the use of alternative dispute resolution, if the case of *Me-Wuk Indian Community of the Wilton Rancheria* and the above-captioned case are consolidated, and a legally authorized representative of the Wilton Rancheria is identified.

/ / /

/ / /

13. <u>Consent to Magistrate Judge for all Purposes</u>.

    Plaintiffs decline to stipulate to assignment of the case for all purposes to a Magistrate and requested that the matter be related to *Hardwick,* pending before Judge Fogel.

14. <u>Other References</u>.

    Not Applicable.

15. <u>Narrowing of the Issues</u>.

    a. **<u>Plaintiffs' Position</u>.**

    Plaintiffs believe that the historical facts relevant to this case are amenable to stipulation and that if the matter is not disposed of by motion, summary trial proceedings in accordance with Local ADR Rule 9-1.(a) are appropriate.

    b. **<u>Defendants' Position</u>.**

    Defendants believe that the issues in this case may be narrowed for judicial review through the briefing of cross-motions for summary judgment. Defendants are willing to explore whether certain historical facts relevant to this case are amenable to stipulation.

16. <u>Expedited Schedule</u>.

    a. **<u>Plaintiffs' Position</u>.**

    Plaintiffs believe this case can be handled on an expedited basis with minimal discovery, if stipulated facts and other appropriate streamlined procedures are agreed to by the parties.

    b. **<u>Defendants' Position</u>.**

    Defendants believe that this case is appropriate for resolution by dispositive motion; and therefore, Defendants do not believe trial will be necessary.

17. <u>Scheduling</u>.

    a. **<u>Plaintiffs' Position</u>.**

    Plaintiffs will be prepared to discuss a schedule at the October 19, 2007 Status Conference.

/ / /

/ / /

b. **Defendants' Position.**

As noted above, Defendants intend to request that Plaintiffs stipulate that proceedings in this matter should be postponed until after the disposition of the Motion to Transfer Venue in *Me-Wuk Indian Community of the Wilton Rancheria.* Alternatively, Defendants intend to file a motion requesting such relief from the Court. Accordingly, at this time, Defendants believe that it is premature to provide a proposed schedule.

18. Trial to the Court.

    a. **Plaintiffs' Position.**

Plaintiffs request that the Court utilize summary trial proceedings, if necessary.

    b. **Defendants' Position.**

Defendants believe that this action is best-suited to be resolved by dispositive motion. Judicial review is limited to the administrative record and the applicable waiver of sovereign immunity does not contemplate a trial that creates a separate record.

19. Disclosure of Non-Party Interested Entities or Persons.

Defendants believe that any descendant of an original distributee of the Wilton Miwok Rancheria who presently owns such land would be an interested party to this action.

20. Other Matters.

None.

Dated: October 11 2007

Respectfully submitted,

**FREDERICKS PEEBLES & MORGAN LLP**
CHRISTINA V. KAZHE
JOHN NYHAN
ROSE WECKENMANN

By: _____/s/_____
JOHN NYHAN
Attorneys for Plaintiffs,
WILTON MIWOK RANCHERIA,
ITS MEMBERS and DOROTHY ANDREWS

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
Northern District of California
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division


By: _____/s/_____
CHARLES M. O'CONNOR (CSBN 56320)
Assistant United States Attorney
SARA E. CULLEY
Trial Attorney, Natural Resources Section

OF COUNSEL:
Scott Keep
Assistant Solicitor
Division of Indian Affairs
U.S. Department of the Interior

Attorneys for Defendants